Campbell, J.
The defendant, Livingston, was served with a subpoena to attend before a justice of this court for the purpose of being examined, pursuant to the provisions of chapter sixth of the twelfth title of the code. The complaint and answer have been served, but no reply has been put' in. The counsel for the plaintiffs admitted that he intended to reply, and the counsel for the defendants insists that such examination of the defendant Livingston cannot be had until the reply has been put in, and the case is at issue. I held in the case of Balbiani v. Grasheim, 2d Code Reporter 75, that a party cannot be examined as a witness in the cause, until the pleadings are all in and the cause is at issue.
Chapter sixth of the code declares that no action to obtain a discovery under oath in aid of the prosecution or defence of another action shall be allowed, but a party to an action may be examined as a witness at the instance of the adverse party, and this examination may be had, either at the trial or at any time before trial. It is also provided (§ 395,) that “ a party *719 examined by an adverse party, as in this chapter provided, may be examined on his own behalf in respect to any matter pertinent to the issue.” It would seem that the issue was first to be made up between the parties before the examination could take place. This chapter was enacted by the legislature substantially as reported, and the commissioners in reporting it say, “The provisions contained in this chapter we have considered so important to the success of our system, that from the first we have contemplated their introduction. Meantime the legislature, at their late session, have passed an act upon the subject. That act however contemplates the examination at the trial only. "We think it important to extend it, so as to permit the examination to take place before the trial, at the option of the party.” They add, “ One of the great benefits to be expected from the examination of the parties is, the relief it will afford to the rest of the community in exempting them, to a considerable degree, from attendance as witnesses, to prove facts which the parties respectively know and ought never to dispute, and would not dispute, if they were put to their oaths. To effect this object it should seem necessary to permit the examination beforehand, that the admission of the party may save the necessity of a witness.”
The party is to be examined as a witness. He may be examined at the trial, or before the trial, on matters pertinent to the issue. He is examined, to prevent the necessity of other persons attending as witnesses, to prove facts which the parties themselves know and ought not to dispute. The law passed by the legislature previous to the code, was like the recent English act, and provided only for the examination of the party at the trial of the cause. The code has provided in addition, that such examination may be had before the trial so that -the proceedings at the trial may thus be often materially shortened.
But, though the code has abolished actions for a discovery, it has been thought by some, that a discovery may be had in the same action, where such discovery is necessary, in order to enable the party seeking the discovery to answer or reply. This may be so, but in that case such examination ought not to take place, unless by special order of the court, on cause shown *720 by affidavit, as to the necessity of the examination. The party examined is entitled to be examined on his own behalf, on matters pertinent to the issue. This privilege he cannot well avail himself of, if he is summoned for examination, before he has answered or replied. The fair, and, as it seems to me, true construction of the code is, that the examination of the party should take place after issue joined. But there may be exceptions. The' party is to be examined as a witness, and he may be examined conditionally. If he is about to depart out of the jurisdiction of the court, and it shall be made to appear that his adversary will probably be unable to examine him after issue joined, or to examine him on the trial of the cause, then such examination may doubtless be had before issue, in the same manner as that of any other witness in the cause, who is about to depart from the state.
As this is an interesting and important question of practice, I have conferred with all my associates, and they are all of opinion with me, that where a party is examined as a witness, before the trial, merely for the purpose of avoiding the necessity of calling him at the trial, then such examination can only take place after issue joined.
I do not mean to decide, nor is it necessary to determine in disposing of this motion, whether a party can be examined by his adversary, in order to enable the adversary to answer or reply. It is possible that a case might be presented, where it would be evident that the ends pf justice required such an examination before answer or reply, even under the present law, which gives the absolute right to such examination after issue joined.
In the case before us, there is no pretence that the party sought to be examined is about to depart from the state, nor has any special application for his examination been made, founded upon any facts showing the necessity for such examination, in order to enable the plaintiff to reply. I shall not, .therefore, direct the examination of the defendant to proceed, but the plaintiff may, if he chooses, renew the application, founded upon affidavits, showing the necessity for such examination, before he replies, if in his judgment such necessity exists. In the cases *721 of Porter v. Elliot, 2 Sand. S. C. R. 667, and Anderson v. Johnson, 1 ibid. 713, cited on the argument, the causes were at issue.