# SUPREME COURT.

CAROLINE W. SUYDAM, &c. agt. CHARLES SUYDAM and others.

Under §§ 390 and 391 of the Code, a *party* to the suit may, *after issue joined*, be called and examined either, 1st. At the trial ; or, 2d. Out of court, on giving five days' notice to attend and be examined; or, 3d. Under an *order* that he attend in less than five days and be examined.

He may also be examined *conditionally*, upon an order made for that purpose, (2 *R. S.* 390, 391,) or on *commission*, just when any third person might be so examined, and not otherwise.

Whether a party, as a *married woman*, could be so examined—*quere?*

*New-York Special Term, Nov., 1855.*

THE plaintiff seeks to examine one of the defendants, on five days' notice, under § 391 of the Code. The cause is not at

Caroline W. Suydam, &c. agt. Charles Suydam and others.

issue. The party sought to be examined resides in the state, and is not about to depart—nor is she sick or infirm.

LAROCQUE & BARLOW, *for plaintiff*.

——— ———, *for defendants*.

COWLES, Justice. She objects that, before issue joined, she cannot be required to attend for examination. Whether she is right in this objection depends upon the construction to be given to §§ 390 and 391 of the Code. .

By § 390, a party to a suit may be examined at the instance of the adverse party, in the same way and under the same circumstances that permits any third person to be so examined. That is, he may be called *at the trial*. He may be examined *before* or *after issue, conditionally;* in other words, *de bene,* under 2 *R. S.* 391, 392, §§ 1, 2, if sick or infirm, or about to depart from the state. And he may also be examined on commission, just as any third person may be.

Section 390 is somewhat modified by § 391, in this particular. If the adverse party so desires, the opposite party may be required on five days' notice—or even on shorter notice, by order to attend and be examined, instead of attending *at the trial,* and being there used as a witness.

This examination of the witness, under the five days' notice, is a mere substitute for the examination *at the trial,* and can, therefore, be only taken *after issue joined.* With the single exception, that after issue joined, a party may be called, on this five days' notice, to submit to an examination to be read on the trial, or may be actually called to the stand, *at the trial,* at the option of the adverse party, there is no distinction between the time and manner of examining a party to the suit and any third person as a witness.

In order to be clearly understood, it may be stated thus:— Under §§ 390 and 391 of the Code, a party to the suit may, *after issue joined,* be called and examined, either,

1st. At the trial; or,

2d. Out of court, on giving him five days' notice, to attend and be examined ; or,

3d. Under an order that he attend in less than five days, to be examined.

He may also be examined *conditionally*, upon an order made for that purpose, just when any third person might be so examined under 2 *R. S.* 390, 391 ; and he may also be examined on commission, just when any third party might be so examined, and not otherwise.

In this case, issue not having been joined, the party called cannot be required to attend.

Whether, as a married woman, she could be examined in the mode proposed, I will not now discuss, as the plaintiff's motion, for the reasons above given, must be denied

This seems right.

WM. MITCHELL.