## SUPERIOR COURT.

### HENRY GREEN agt. FERNANDO WOOD.

Section 391 of the *Code*, gives to either party to an action an *option* to have an adverse party examined before, instead of examining him at the trial. It is error to deny, to the party claiming it, the right to have such an examination, on the mere ground that the party sought to be examined, prefers to be examined at the trial, and offers to stipulate to then attend, so that his examination can then be had. The fact that other suits, against the party sought to be examined, are pending, which are brought by other plaintiffs, and depend upon the same general facts, is not such cause as will justify an order exempting a defendant from examination before the trial.

To refuse to compel a defendant to submit to an examination before the trial, merely because he prefers to be examined at the trial, would make it optional with the defendant, whether he would be examined before the trial or not, whereas the Code gives the option to the party who wishes to examine his adversary, whether the examination shall be had before or at the trial.

. *Before* BOSWORTH, HOFFMAN, WOODRUFF *and* PIERRE-PONT, *Justices.*

THIS action is brought to recover damages for an assault and battery committed on the plaintiff, on the 16th of June, 1857, by persons alleged to have done the wrong at the instance of and by the direction of the defendant. It was put at issue on questions of fact on the 27th of July.

On an affidavit of these facts, and that the defendant resides in the city of New-York, an order was made that the defendant appear before one of the justices of this court, on the 9th of March, 1858, to be examined as a witness in the action.

The defendant appeared pursuant to such order, before Mr. Justice PIERREPONT, and offered to stipulate to attend at the trial, and be examined as a witness, and showed that there are eleven other actions pending against him, by other parties, for assaults and batteries committed on the same occasion, and moved that the order for his examination before the trial be, therefore, discharged.

Green agt. Wood.

The justice made an order thereupon, on the 12th of March 1858, that the said order for the examination of the defendant, be discharged.

From the order of the 12th of March, 1858, the plaintiff appealed to the general term.

On the argument of such appeal,

MR. D. D. FIELD, *for the plaintiff*, insisted,

*First.* The plaintiff has the option of examining the defendant before the trial. That option is his and not the court's, and the court cannot take it from him. The qualification in the 391st section of the Code, applies to the time, place and manner of its exercise, and not to the right itself. (*Reed* agt. *Brown*, 5 *Abbott*, 418.)

*Second.* If the court had, however, a dispensing power, and could relieve the defendant from the operation of the 391st section, "*for good* cause shown," yet, in this case, there is no good cause shown, for not examining the defendant. The rule established by the Code is, that the plaintiff has a right to examine the defendant before the trial. This was introduced, because the discovery which would, in most cases, have been obtained by a bill in chancery was abolished, and a more searching and comprehensive substitute was provided. This defendant must completely show that he comes within a just exception.

(1.) The fact that there are eleven other actions pending for other outrages perpetrated on the same occasion, upon eleven other persons, so far from diminishing, really increases the importance of examining the defendant. After he has been once examined, if the court can relieve him from a future examination, they may then do it with far more propriety than they can do it now.

(2.) The defendant's stipulation to attend at the trial, and be examined as a witness, is not "a good cause shown." If it be, a defendant can always relieve himself from an examination, by offering the stipulation, and the statute will be so far repealed

(3.) The purpose of the statute was not to make sure of the defendant's testimony, but to make sure of it *before the trial.* If the former had been the purpose, the examination, condi-tionally, provided by section 390, would have been sufficient.

(4.) The stipulation does not afford any equivalent to a previous examination. Suppose the defendant does not at-tend, and is out of the state, what is the plaintiff to do? Is he to postpone his case till the defendant returns? The court cannot render judgment against him, for his non-attendance; and if they could, they could not by any possibility award to the plaintiff such an amount of damages, as he might, per-haps, obtain, with the aid of the defendant's testimony.

MR. G. DEAN, *for the defendant,* insisted,

I. If the construction given by Judge PIERREPONT, to sec-tion 391 of the Code is correct, then this appeal will be dis-missed, because the order resting in the discretion of the officer who made it is not appealable. (*Code,* § 349 ; *Seely* agt. *Chittenden,* 10 *Barb.* 303.)

II. The order is not appealable in any aspect of the case, under section 349 of Code.

III. The provision of section 391 as to the order to be made on good cause shown, by the judge, relates to the examination, and not to the length of notice of the time and place of exam-ination.

(1.) The term "otherwise," relates to manner and not to time. The definition of otherwise is, " in another manner."

(2.) If otherwise relates to the notice only, then it may on good cause shown, be dispensed with entirely.

(3.) The whole provision is for the benefit of both parties, and allows every party to the action to show cause why the examination should be had at the trial or before it.

(4.) The Code does not use the word otherwise, in reference to time of notice. (§ 402.)

IV. The sections 390, 391 and 392, were designed to place

Green agt. Wood.

an adverse party in the same situation in respect to the right of the opposite party to examine him as any other witness.

(1) He must be served with a summons to enforce his attendance. (§ 391.)

(2.) He can only be compelled to testify in the same manner as any other witness. (§ 390.)

(a) By a subpœna at the trial.

(b) Conditionally on showing cause for it.   (§ 392.)

(c) This is to be done only on applying to a judge and showing cause.   (2 *R. S. 4th ed.* 436 ; *Voorhies' Code p.* 557 ; 2 *Abb. Pr. R.* 82.)

V. The discretion of the judge who made this order was wisely and properly exercised.   Legislation of last session as to permitting parties to testify.   No restraint on parties to prevent them from examining their adversaries in all cases under § 391.   Can call him also at the trial.   No charge against defendant except on information.   The informant can be the witness.   There being a dozen suits, to permit it would be oppressive.

By the court—Bosworth, Justice.   Section 390 of the Code, gives to either party to an action, the right to compel the other party to be examined and to testify as a witness, either at the trial or conditionally, or upon commission.   This statutory provision existed before the Code was enacted; that was not passed until the 12th of April, 1848, and took effect on the following first of July.   (*Laws of* 1848, *p.* 497, *and* 565, § 391, *and p.* 559, § 345.)

The first section of the act of the 12th of December, 1847, gave to either party the same right to examine the other, and in as clear terms as the Code.   (*Laws of* 1847, *Vol. II, p.* 630, *chap.* 462.)   That act creates the right to examine either party at the trial, and provides the means of enforcing its exercise. (§§ 1 *and* 2.)   The right to so examine at the trial is absolute, as much so as the right of either party to examine any third person as a witness.   When the Code was enacted, (§ 345 *Laws of* 1848, *p.* 559,) and now the 391st section of the Code, was

superadded to the provisions of chapter 462, of the Laws of 1847. That section provides that "the examination, *instead* of being had at the trial, may be had at any time before the trial, at the *option* of the party claiming it." Thus far the language of § 391, imports that either party has his election either to examine his adversary at the trial or before the trial. The right to examine at the trial is absolute, and the right given by § 391, to examine before, instead of examining at the trial, stopping with the portion of the section already quoted, would seem to be equally absolute. The commissioners in their report to the legislature, advising this addition to the then existing law, and alluding to the act of 1847, said : "That act, however, contemplates the examination at the trial only; we think it important to extend it, so as to permit the examination to take place before the trial, at the option of either party." They further observed, that, "one of the great benefits to be expected from the examination of the parties is, the relief it will afford to the rest of the community in exempting them, to a considerable degree, from attendance as witnesses to prove facts which the parties respectively know, and ought never to dispute, and would not dispute if put to their oaths. To effect this object, it should seem necessary to permit the examination beforehand, that the admission of the party may save the necessity of a witness." (3 *Sand. Sup. Ct. R.* 718 *and* 719.)

This shows clearly an intention to make an examination prior to the trial a matter of right, as the general rule. Section 391 of the Code, further declares, that this examination may be had "before a judge of the court, or a county judge, on a previous notice to the party to be examined, and to any other adverse party, of at least five days, unless for good cause shown, the judge otherwise order." The words, "unless for good cause shown, the judge otherwise order," whether construed to confer power to compel a party to submit to an examination on a notice less than five days, or to give him a longer period to prepare to be examined, or to defer it until the trial, would affect only the question of the *time* of the examination.

Green agt. Wood.

Whenever and wherever he may testify, he is to be examined, and is to testify, "subject to the same rules of examination as any other witness." (*Section* 390.) It has been intimated in an opinion of the late Mr. Justice SANDFORD, that on cause shown, a party might be required to submit to an examination on a notice short of five days. (*Taggard* agt. *Gardner*, 2 *Sand. S. C. R.* 669.) He also held, that an examination before the trial was designed to aid parties in preparing for trial, irrespective *of the residence* of the party to be examined, or the probability of his being able to attend the trial. (*Partin* agt. *Elliott, id.* 668.)

We think it a just construction of § 391, that either party has an absolute right to examine the other party before the trial, unless some other cause is shown against it, than a willingness of the latter to be examined at the trial, coupled with the highest moral certainty that he will attend at the trial, so that he can then be examined. A different construction would make it optional with the party sought to be examined, whether he would submit to be examined before the trial or not ; the Code gives the option to the party claiming a right to examine the other. It is not therefore necessary to decide, in order to dispose of this appeal, that cause might not be shown which would justify the judge in postponing the examination until the trial, and that this section does not confer power in such a case to so order.

In the present case, no cause is shown against submitting to an examination before the trial, except that the defendant prefers to be examined at the trial, and will stipulate to attend so that he can be then examined, and the further facts that eleven other parties have brought similar actions growing out of the same transaction. It is not obvious why any one plaintiff should be denied the right to have an examination before the trial, because other persons have brought actions against the same defendant, which are yet pending, and depend upon the same state of facts. His examination on the trial of one action would not at all affect the necessity of examining him in behalf of the plaintiffs in every one of the eleven other actions.

Green agt. Wood.

A plaintiff may be unable to make out a case except by the testimony of the defendant; an examination of him before the trial may produce the conviction that a recovery is impossible and lead to a discontinuance of the action without a trial. (*Cockle* agt. *Underwood*, 3 *Duer*, 676, 679.)

Presumptively a defendant cannot be examined more advantageously to himself at the trial than before the trial; when examined before the trial, the examination, like the trial, is in this court, before a judge of the court; it is taken deliberately and is reduced to writing, and the party examined may, as well as at the trial, testify in his own behalf, in respect to any matter pertinent to the issue. (*Id.* 395.) The examination so taken may be read in his own behalf, whether the other party offers to read it or not. The examination before the trial being as the general rule, a matter of right, an order necessary to permit it to be had, affects a substantial right, and is appealable.

The goodness of the cause shown against it, and which may be held sufficient to exempt a party from testifying before the trial, is at least so far examinable on appeal from such an order, that if it be nothing else than the fact of a purpose to attend at the trial, and a willingness to be then examined, it should be held not enough to satisfy the requirements of § 391 of the Code. For unless other and good cause be shown, the Code is imperative that an examination of either party at the option of the other, may be had before the trial.

We think no " good cause," was shown for not submitting to an examination in this action, and that none being shown, it was the right of the plaintiff to be permitted to examine the defendant, and that the order appealed from must be reversed.