## WATSON *a.* GAGE.

*New York Common Pleas; General Term, February*, 1861.

### EXAMINATION OF PARTY.

The examination of a party, which the Code permits before trial as a substitute for the examination at the trial (*Code*, § 391), cannot be had until after issue joined.

Appeal from an order directing one of the parties to be examined.

By THE COURT.—BRADY, J.—The defendants sought to examine Wm. Watson, one of the plaintiffs, before issue joined. The plaintiffs objected, and the objection being overruled, an order was made directing Wm. Watson to attend and be examined before one of the judges of this court. From that order the plaintiffs appealed. The question presented by this appeal was considered in Suydam *a.* Suydam (11 *How. Pr.*, 518); Balbiani *a.* Grasheim (2 *Code R.*, 75); Chichester *et al. a.* Livingston

*et al* (3 *Sandf.*, 718), and decided adversely to the right claimed. The reasons assigned in Suydam *a.* Suyd'am, and in Chichester *a.* Livingston, are clearly and fully stated, and render it unnecessary to make any comments on the sections relating to the examination contemplated. ˙A similar rule is recognized in Huelin *a.* Ridner (6 *Abbotts' Pr.*, 19). In Leeds *a.* Brown (5 *Abbotts' Pr.*, 418), the point involved in this case does not appear to have been considered. It does not appear, from that case, whether the examination was before or after issue, and it cannot be regarded as an authority in conflict with the cases cited.

The order at special term should be reversed, with $10 costs.

HILTON, J.—Under section 390 of the Code, a party may be examined at the trial, or on commission; or upon a state of facts being shown, as required by 3 Rev. Stat., 5 ed., 673, § 2, he may be examined conditionally.

Section 391 further provides that this examination, instead of being had at the trial, may be had at any time before, at the option of the party claiming it; and the notice to attend and be examined must be a summons of at least five days, unless the judge before whom the examination is to be had shall otherwise order.

Thus far there is nothing to prevent the compulsory examination of a party, at the option of his adversary at any time after the action has been commenced by the service of summons, and before a complaint has been prepared; but by referring to section 395, and which must be read in connection with sections 390 and 391, we find that the party thus called may be examined on his own behalf "in respect to any matter pertinent to the issue,"—thus, to my mind, clearly indicating that the examination contemplated was only to be had after issue joined, except in the single instance of the party being examined conditionally; and in such case, the order for his examination could only be obtained upon an affidavit showing, as required by the Revised Statutes (*supra*), such facts as would entitle a party to the *de bene esse* examination of a witness. And I may also add, that testimony thus taken could not be read at the trial, unless it was previously shown that the ·party examined was then absent from the State, or from some other cause his attendance

could not then be compelled by the ordinary legal process. (3 *Rev. Stat.*, 5 ed., 674, § 7.)

The examination upon commission, of course, cannot be had until after issue joined. (3 *Rev. Stat.*, 675, § 11.)

It will thus be perceived that the examination of a party, which the Code permits before trial as a substitute for the examination at the trial, and which may be then read by either party as a right and of course, is one in which the party occupies the position of a witness, and is subject to the same rules of examination. That is, he is first examined in chief by the adversary calling him; and then he is entitled, by way of cross-examination, to be examined on his own behalf, " as to any matters pertinent to the issue" (§ 395). This cannot be done until after issue has been joined; and as the right under such circumstances to be examined on his own behalf, is given in plain and positive terms by the last-mentioned section, I do not see how we can give effect to the provision but by holding that this examination cannot be had at the mere option of a party to the suit prior to the joining of issue.

Order reversed.

## TRAIN *a*. BROWN.

*Supreme Court, First District; General Term, December,* 1860.

### EVIDENCE.—CONTRADICTING BOOKS OF ACCOUNT.

In an action in which the plaintiff's books are called for by the defendant as evidence, and produced accordingly, the defendant is not bound by them so that he cannot show that there were other books, or that the page upon which the account against him appears was originally without his name. He is at liberty, notwithstanding the books produced, to show that at a certain time the matters in suit were charged by plaintiff, not against defendant, but against third parties.

Appeal from a judgment entered on the report of a referee. The facts are stated in the opinion.

*G. T. Jenks* for the appellant.

*T. C. T. Buckley* for the respondents.